1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                    FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10

11   JOSE LUIS MEDINA ALVARADO,

12                    Petitioner,              No. 2:12-cv-1344 GEB AC P

13            vs.

14   MICHAEL BABCOCK,                          ORDER AND

15                    Respondent.              FINDINGS AND RECOMMENDATIONS

16   _____/

17            Petitioner, a federal prisoner proceeding pro se, has filed a petition purportedly

18   pursuant to 28 U.S.C. § 2241.  Because he alleged, among other things, that he was entitled to

19   challenge his conviction under 28 U.S.C. § 2241 pursuant to the "savings clause" articulated in

20   28 U.S.C. § 2255, the court previously ordered the parties to brief whether this court, as the

21   district court presiding in the district of petitioner's current incarceration, had jurisdiction to

22   determine the petition.  See Doc. No. 6.  Both parties have now responded to the court's order to

23   show cause.  See Doc. Nos. 11, 12.  For the reasons outlined below, the court recommends that

24   the petition be dismissed.  See Rule 4, Rules Governing Section 2255 Proceedings ("2255

25   Rules").

26   ////

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Petitioner has filed an application to proceed in forma pauperis.  See 28 U.S.C. §§ 1914(a); 1915(a).  Examination of the in forma pauperis affidavit reveals that petitioner is unable to afford the costs of suit.  Accordingly, the request for leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

## BACKGROUND

Petitioner was convicted in 2002 in the Northern District of California of violations of 21 U.S.C. §§ 846 and 841, and was sentenced to a term of 240 months.  After appeal, the district court reduced the sentence to 210 months, which the petitioner is currently serving at the Federal Correctional Institution in Herlong, California.

In his current petition, petitioner challenges the legality of the federal statute underlying his conviction, pursuant to the recent Supreme Court decision in Bond v. United States, __ U.S. __, 131 S.Ct. 2355 (2011).  Petitioner argues that he was unlawfully prosecuted, convicted and sentenced under federal law for an alleged crime that was "local in nature" and that required adjudication in a state court.  See Doc. No. 1 at 3.

Petitioner additionally argues that 21 U.S.C. §§ 846 and 841 were not lawfully enacted because Congress overstepped its authority in enacting the statutes when California already had in place very specific criminal statutes – in this case, the Health and Safety Code – which covered narcotic drug crimes, as well as law enforcement officers and judicial officers and courts to adjudicate any charges brought under the state law.  See Doc. No. 1 at 7.

Petitioner further raises three challenges to the length of his sentence: (1) that the district court failed to make an individualized assessment of petitioner's conduct – in this case, the amount of drugs attributable to petitioner versus his co-conspirators; (2) that there are two types of methamphetamine, and that petitioner wrongly received a harsher sentence based upon the more potent drug; and (3) that the district court improperly applied a two-step leadership role enhancement to petitioner's sentence. See Doc. No. 1 at 11-21.

Petitioner reports that he previously filed a motion to vacate his sentence under 28 U.S.C. § 2255 in the Northern District of California, which was denied on February 12, 2009.

**ANALYSIS**

The Court Lacks Jurisdiction

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2225 before proceeding to any other issue."  See Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000).  Here, although petitioner denominates the instant petition as one brought pursuant to § 2241, he is clearly attempting to challenge the legality of his conviction.  Generally, a federal prisoner contesting the legality of his conviction or sentence must file a motion pursuant to 28 U.S.C. § 2255 in his sentencing court, which in this case would be the U.S. District Court for the Northern District of California.  See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir.) ("In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention."), cert. denied, 540 U.S. 1051(2003); Lorentsen v. Hood, 223 F.3d 950, 954 (9th Cir. 2000) (same).

However, § 2255 contains a "savings clause" or "escape hatch" that provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Thus, a prisoner may invoke a court's jurisdiction under § 2241 if he can show that the remedy provided under § 2255 is "inadequate or ineffective" to test his incarceration. See Muth v. Fondren, 676 F.3d 815, 818 (9th Cir.), cert. denied, __U.S. __, 133 S.Ct. 292 (2012); Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011).  This exception, however, is a narrow one.  For example, § 2241 is not available to a petitioner simply because a

3

court of appeals refuses to certify a second or successive petition under the provisions of § 2255. See Ivy, 328 F.3d at 1059. Rather, a petitioner may only proceed under § 2241 if he claims to be: "(1) factually innocent of the crime for which he has been convicted; and (2) has never had an 'unobstructed procedural shot' at presenting this claim." Id. at 1060. See also Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (remedies pursuant to § 2255 are not inadequate simply because the claim would be dismissed under § 2255 for procedural reasons), cert. denied, 528 U.S. 1178 (2000).

In determining whether petitioner had an "unobstructed procedural shot" to pursue any actual innocence claim, this court must consider "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claims after that first § 2255 motion." Alaimalo, 645 F.3d at 1047 (quoting Harrison v. Ollison, 519 F.3d 952, 960 (9th Cir.), cert. denied, 555 U.S. 911 (2008) (internal quotation marks omitted)). The Ninth Circuit has made clear that "it is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255. He must never have had the opportunity to raise it by motion." Ivy, 328 F.3d at 1060.

In Bond v. United States, supra, the Supreme Court held that individual defendants have standing to raise Tenth Amendment challenges to federal prosecution. Prior to Bond the Ninth Circuit, like many other circuits, had held that "[o]nly states have standing to pursue claims alleging violations of the Tenth Amendment by the federal government." Oregon v. Legal Services Corp, 552 F.3d 965, 972 (9th Cir. 2009), see also Bond, 131 S.Ct. at 2361. Petitioner thus faced a pre-Bond wall of authority that precluded his Tenth Amendment claim. It can hardly be said that he "had an unobstructed procedural shot" in bringing this claim. The question therefore is whether petitioner's claim of "actual innocence" qualifies for the savings clause. See Ivy, 328 F.3d at 1060.

Petitioner argues that: (1) he is actually innocent of the federal charge, because

1   the prosecution presented insufficient evidence of the drug amounts for which petitioner was

2   responsible; and (2) he should not have been prosecuted under federal law – an argument he can

3   only now make.  Put another way, petitioner argues that he is "factually innocent of the legal

4   requirements for being prosecuted under the federal statutes of the indictment being invalid and

5   the drug amount that was attributed to him."  See Doc. No. 12 at 2.

6            Petitioner's allegations are insufficient to state a colorable "escape hatch"

7   challenge.  A claim of legal innocence, such as petitioner makes here, does not equate with a

8   claim of actual innocence.  "'[A]ctual innocence' means factual innocence, not mere legal

9   insufficiency.'"  Bousley v. United States, 523 U.S. 614, 623-24 (1998) (citing Sawyer v.

10   Whitley, 505 U.S. 333, 339 (1992)); Smith v. Murray, 477 U.S. 527, 537 (1986) ("....the

11   miscarriage of justice exception is concerned with actual as compared to legal innocence...").

12            Moreover, while Bond establishes that petitioner has Article III and prudential

13   standing to challenge the federal government's right to prosecute his drug offense, the substance

14   of petitioner's challenge is without merit.  Petitioner has not cited any authority to demonstrate

15   that the federal Controlled Substances Act, Title 21 U.S.C. §841(a)(1), infringes the powers

16   reserved to the states by the Constitution.  In fact, the Supreme Court has upheld the Act under

17   the Commerce Clause.  Gonzalez v. Raich, 545 U.S. 1 (2005) (rejecting challenge raised under

18   California Compassionate Use Act to the federal Controlled Substances Act).

19            Accordingly, while petitioner now has standing to assert a Tenth Amendment

20   claim, a petition filed under § 2241 is not available to him as a vehicle to do so.  The claim here

21   can only be viewed in the successive § 2255 context, one for which this non-sentencing court has

22   no jurisdiction.

23            <u>The Petition Should Be Dismissed</u>

24            The United States District Court for the Northern District of California, as

25   sentencing court, has jurisdiction to hear any § 2255 motion brought by petitioner.  However, the

26   interests of justice would not be served by transferring this action to that court in this case.  See

28 U.S.C. § 1631; see also Hernandez, 204 F.3d 865, n.6 (28 U.S.C. § 1631 allows transfer of § 2255 motion to cure want of jurisdiction).  As noted above, petitioner has already filed a § 2255 petition in the district court for the Northern District of California, which that court denied in 2009.  The Northern District of California would accordingly lack jurisdiction to entertain this application because petitioner would first be required to obtain authorization from the Court of Appeals for the Ninth Circuit to file a "second or successive" § 2255 motion.  See 28 U.S.C. § 2255(h).  See also, e.g., Wentzell v. Neven, 674 F.3d 1124, 1126 (9th Cir. 2012) ("A petitioner must obtain leave from the Court of Appeals in order to file a 'second or successive' habeas petition with the district court.").

Accordingly,  IT IS HEREBY ORDERED that petitioner's motion to proceed in forma pauperis be granted.

IT IS HEREBY RECOMMENDED that

1.  The petition be dismissed for lack of jurisdiction, and

2.  This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-eight (28) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within twenty-eight (28) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  January 16, 2013.

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:rb/alva1344.fr

6